UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| MARK SKAGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 1:18cv174 |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB) as provided for in the Social Security Act. 42 U.S.C. §416(I). Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability insurance benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental

impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant last met the insured status requirements of the Social Security Act

on December 31, 2012.

2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of August 4, 2012 through his date last insured of December 31, 2012 (20 CFR 404.1571 *et seq*.).

3. Through the date last insured, the claimant had the following severe impairments: diabetic retinopathy and pseudophakia, peripheral neuropathy, diabetes mellitus, lumbar degenerative disc disease, obesity, posttraumatic stress disorder (PTSD), major depressive disorder (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, I find, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except stand/walk 4 hours total, 30 minutes continuously; sit 6 hours total, 1 hour continuously. This individual can remain at a designated work station and on task despite periodically changing positions; occasionally climb ramps/stairs, balance, stoop, kneel, crouch, or crawl; never climb ladders, ropes, or scaffolds; avoid all exposure to workplace hazards such as unprotected heights, including slippery and uneven surfaces. The claimant can tolerate predictable changes in the work environment, make simple work-related decisions, tolerate casual and/or occasional interaction with coworkers and supervisors, and tolerate no interaction with the public.

6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on April 11, 1963, and was 49 years old, which is defined as a younger individual age 18-49, on the date last insured (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the date last insured, considering the claimant's age, education, work

experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from August 4, 2012, the alleged onset date, through December 31, 2012, the date last insured (20 CFR 404.1520(g)).

(Tr. 12 -20 ).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed his opening brief on January1, 2019. On February 21, 2019, the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the ALJ's decision must be affirmed.

A five-step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162

n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). From the nature of the ALJ's decision to deny benefits, it is clear that step five was the determinative inquiry.

In support of remand, Plaintiff argues that the ALJ improperly omitted limitations relating to his moderate limitations in concentration, persistence, or pace in his RFC determination and in his hypothetical to the VE. Plaintiff relies on *Yurt v. Colvin*, 758 F.3d 850 (7th Cir. 2014). In *Yurt*, the Seventh Circuit noted that it has "repeatedly rejected the notion that a hypothetical like the one here confining the claimant to simple routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace." 758 F.3d 850, 859-60. Plaintiff claims that the ALJ failed to include, in the RFC, limitations related to concentration, persistence and pace. Plaintiff acknowledges that the ALJ limited him to simple work-related decisions, but claims that this is insufficient.

In response, the Commissioner argues that the evidentiary record did not warrant limitations beyond those contained in the RFC. The Commissioner further argues that the ALJ offered a specific explanation for accommodating Plaintiff's mental impairments by finding that he was limited to making simple work-related decisions, tolerating predictable changes in the work environment, and tolerating casual and/or occasional interaction with co-workers and supervisors (with no public interaction) (Tr. 14-15). In finding that Plaintiff had moderate limitations in concentration, persistence, or pace (Tr. 14), the ALJ noted Plaintiff's demonstrated ability to successfully perform serial seven's and serial three's during a consultative psychological examination (Tr. 289). Also, the ALJ observed that Plaintiff did not testify to any significant limitations in mental functioning (Tr. 17). In fact, Plaintiff's testimony was that his recently-diagnosed Parkinson's disease (in November 2015, nearly three years after his insured

5

status had expired) had begun "to attack my short term memory and my ability to get things out of my mouth when I speak" (Tr. 41). Plaintiff's testimony failed to demonstrate that his memory and concentration were particularly troublesome during the relevant period in this case. The ALJ further noted (Tr. 17) evidence suggesting that Plaintiff may have appeared to exaggerate his psychological symptoms in order to gain disability benefits (Tr. 517, 519, 521).

Further, the ALJ observed that Plaintiff's daily activities demonstrated a greater level of psychological functioning than he alleged (Tr. 17). Plaintiff indicated that he drove (Tr. 34), prepared meals (Tr. 43, 242, 244), shopped for groceries (Tr. 42, 245), did household tasks (Tr. 43, 244), took care of his cats (Tr. 42, 243), listened to audio books (Tr. 43), visited the library regularly (Tr. 43, 245, 246), and watched television (Tr. 242). As the ALJ appropriately concluded (Tr. 17), all of these activities suggested a greater level of functioning than Plaintiff alleged.

Finally, the ALJ offered a reasoned basis for accommodating Plaintiff's moderate limitations in concentration, persistence, or pace by limiting him to making simple work-related decisions, tolerating predictable changes in the work environment, and tolerating casual and/or occasional interaction with co-workers and supervisors (with no public interaction) (Tr. 14-15). The ALJ indicated (Tr. 18) that he did not limit Plaintiff to unskilled work because his most recent mental health evaluation was exaggerated and invalid according to the Veterans Administration psychologist (Tr. 517, 519, 521). However, the ALJ did limit Plaintiff to simple work-related decisions to address any distractions he experienced from his psychological symptoms (Tr. 18)

As the Commissioner points out, in a Social Security case, the claimant shoulders the dual

burdens of production and persuasion through step four of the sequential analysis, *see Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987), which includes the claimant's RFC, see 20 C.F.R. §§ 404.1520(e)-(f) and 404.1545. *Yuckert* is consistent with the Social Security Act, which provides that "[a]n individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require," 42 U.S.C. § 423(d)(5)(A), and with agency regulations stating that "[i]n general, you have to prove to us that you are blind or disabled." *See* 20 C.F.R. § 404.1512(a).

In the present case, Plaintiff has failed to direct the court to any evidence that showing that greater limitations were warranted than those incorporated by the ALJ in his RFC. In the recent case of *Burmester v. Berryhill*, No. 18-2106 (7th Cir. April 5, 2019), the Seventh Circuit affirmed the ALJ and the district court where the Plaintiff failed to present evidence supporting the alleged difficulties in concentration, persistence and pace. In *Burmester*, the Plaintiff (like the Plaintiff herein) was found to have moderate difficulties in her ability to sustain concentration, persistence or pace. Also, similar to the Plaintiff herein, the Plaintiff in *Burmester* had an RFC that stated that she was "mentally limited to simple, routine, repetitive tasks requiring only simple work-related decisions with few changes in the routine work setting and no more than occasional interaction with supervisors, coworkers and the general public." The Seventh Circuit found this RFC to be sufficient as it included all the findings that were supported by the medical evidence in the record.

Although Plaintiff in the present case implies that the ALJ ignored evidence, Plaintiff fails to cite to any evidence in his two-paragraph argument on this sole issue. Accordingly, as the RFC is supported by medical evidence, and there is no medical evidence supporting a more restrictive

RFC, the decision of the ALJ will be affirmed.

## Conclusion

On the basis of the foregoing, the decision of the ALJ is hereby AFFIRMED.

Entered: April 16, 2019.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court